**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-4006
_____

GERALD I. SMITH, JR.,
                                    Appellant

v.

PEOPLE'S PLACE, II, INC.; JOSEPH C. ZINGARO
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1:19-cv-01325)
District Judge: Colm F. Connolly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 19, 2020
Before:  SHWARTZ, RESTREPO and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 24, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Gerald Smith, Jr., appeals from the District Court's dismissal of his claims. For the reasons that follow, we will affirm the District Court's judgment.

I.

In 2015, Smith and his ex-wife appeared in Family Court in Kent County, Delaware, for proceedings regarding their divorce and the custody of their three minor children.[1] In December 2016, Smith, his ex-wife, and their children were ordered to undergo a psychological and custody evaluation to assist the Family Court in making a final custody determination. The Family Court appointed Dr. Joseph C. Zingaro, a doctor employed by People's Place II, Inc., to conduct the evaluation. Smith and his ex-wife signed a consent form authorizing Dr. Zingaro to complete the evaluation based on the best interests of the children and to submit his recommendations to the Family Court. In the course of his evaluation in early 2017, in accordance with the consent form, Dr. Zingaro reviewed records, interviewed both parents, observed each parent with the children at Smith's ex-wife's home, and spoke with some of contacts each parent had provided.

Dr. Zingaro presented his lengthy report to the Family Court and testified about his findings at a hearing on the custody matter. Smith claimed that his ex-wife's attorney "improperly influenced" Dr. Zingaro's opinion and that Dr. Zingaro failed to consider an

---

[1] Because we write primarily for the benefit of the parties, we will recite only the facts necessary for our discussion; the details of Smith's claims are set forth at length in the Magistrate Judge's Report and Recommendation.

evaluation by a doctor from 2012 indicating that Smith was not experiencing psychiatric symptoms at that time.  See Compl. at 3.  Smith also alleged that Dr. Zingaro falsely told Smith that his ex-wife and her mother did not want Smith coming to their house anymore; Dr. Zingaro denied making such a statement.

Ultimately, the Family Court granted full custody of the children to Smith's ex-wife, with supervised visitation rights to Smith.  The Delaware Supreme Court affirmed that decision in 2018, after Smith appealed.  In July 2017, Smith contacted the Executive Director of People's Place and Dr. Zingaro's supervisor with his concerns about Dr. Zingaro; Smith also filed a professional complaint against Dr. Zingaro.

In 2019, Smith filed a complaint in the District Court, alleging claims of fraud, gross negligence, and negligent infliction of emotional distress against Dr. Zingaro, and seeking to hold People's Place vicariously liable for Dr. Zingaro's actions.  Defendants moved to dismiss Smith's complaint, which the District Court granted, adopting a Magistrate Judge's Report and Recommendation on the motion, which also discussed the futility of allowing Smith to amend his complaint.  Smith timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's dismissal of Smith's claims.[2]  See Fowler v.

---

[2]  In our review, we consider the complaint, any "document integral to or explicitly relied upon" in framing the complaint, see Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal citation omitted), and any "undisputedly authentic document that a defendant

3

UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). Dismissal is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).

III.

We agree with the District Court's dismissal of Smith's claims. First, the District Court properly concluded that Smith could not state a claim against Dr. Zingaro for fraud, because Smith did not allege that Dr. Zingaro took any action "with an intent to induce [Smith] to act or refrain from acting" or that Smith acted in "reasonable reliance" on any alleged false representation by Dr. Zingaro. See Browne v. Robb, 583 A.2d 949, 955 (Del. 1990) ("The general elements of common law fraud under Delaware law are: (1) defendant's false representation, usually of fact, (2) made either with knowledge or belief or with reckless indifference to its falsity, (3) with an intent to induce the plaintiff to act or refrain from acting, (4) the plaintiff's action or inaction resulted from a reasonable reliance on the representation, and (5) reliance damaged the [plaintiff]."). As the District Court explained, Smith has repeatedly stated that he believed several of Dr. Zingaro's representations to be false at the time they were made, and Smith sought in various ways to dispute Dr. Zingaro's conclusions in the course of the custody proceedings.

---

attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," see Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

4

Next, Smith's gross negligence claim was correctly dismissed, as Smith failed to allege that Dr. Zingaro owed him any legally cognizable duty of care. See Hudson v. Old Guard Ins. Co., 3 A.3d 246, 250 (Del. 2010) ("[T]he elements of negligence [are] duty, breach, causation, and harm."); see also Browne, 583 A.2d at 953 (explaining that under Delaware law, gross negligence is "a higher level of negligence representing an extreme departure from the ordinary standard of care.") (internal quotation marks and citation omitted). The agreement that Smith and his ex-wife signed with Dr. Zingaro explicitly stated that Dr. Zingaro was appointed by the Family Court as an evaluator to assist with making a custody determination and that he was not in a role to provide support for either party's interests.

Because Smith's negligent infliction of emotional distress depends the existence of a cognizable negligence claim, that claim was also properly dismissed.[3] See Spence v. Cherian, 135 A.3d 1282, 1289-90 (Del. Super. Ct. 2016). Additionally, because all of Smith's underlying claims against Dr. Zingaro were properly dismissed, his vicarious liability claim against Dr. Zingaro's employer cannot survive dismissal. See Verrastro v. Bayhospitalists, LLC, 208 A.3d 720, 724 (Del. 2019).

Finally, the District Court properly dismissed Smith's claims without further opportunity for amendment, as it would have been futile under the circumstances of this

---

[3] Further, Smith's claims against Dr. Zingaro are barred by judicial immunity, as Smith challenges Dr. Zingaro's actions in his capacity as a court-appointed custody evaluator. See Hughes v. Long, 242 F.3d 121, 126, 128 (3d Cir. 2001).

case.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Although

Smith contests the dismissal of his claims, he has not provided additional factual

allegations in any of his filings that would permit his claims to proceed.

For the reasons above, we will affirm the judgment of the District Court.[4]

---

[4]  We grant Smith's motion to seal one of his appendices, and we grant appellees' motion
to seal their supplemental appendix, as each filing contains sensitive, confidential
information about Smith's minor children.  See L.A.R. 106.1(a); In re Cendant Corp., 260
F.3d 183, 194 (3d Cir. 2001).  Each filing will be sealed for 25 years.